WAYNE M FOURNERAT (W.D.OK 8673)
Attorney at Law
FOURNERAT ESQUIRES
wayne@fournerat.law
539 W Commerce St  Ste 3120
Dallas TX 75208
Telephone:    (214) 809-1688
Facsimile:     (972)790-6469

*Attorney for Plaintiff Adeline Youngblood and heirs*



FILED

APR -1 2021

PATRICK KEANEY
Clerk, U.S. District Court
By_____
   Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ADELINE YOUNGBLOOD (formerly TIDMORE),** individually and as heir B.J.YOUNGBLOOD, deceased; **MINOR FEMALE (TIDMORE) YOUNGBLOOD CHILD** individually and heir to B.J. YOUNGBLOOD, deceased; and **MALE ( TIDMORE) YOUNGBLOOD ADULT,** individually and heir to B.J. YOUNGBLOOD deceased; and **ADELINE YOUNGBLOOD,  as the Representative of the Estate of B.J. Youngblood,** <br><br>**Plaintiffs,**<br><br>vs.<br><br>**THOMAS PHILLIPS III, an individual; THOMAS PHILLIPS III and SYDNEY PHILLIPS, individually and as husband and wife; and THOMAS PHILLIPS III and SYDNEY PHILLIPS, as co-representatives of THE ESTATE OF THOMAS RAYMOND PHILLIPS III, and TERRY PARK, individually and in his official capacity,**<br><br>**Defendants.** | Case No. CIV 2 1 - 1 0 1 - SPS<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. GENERAL NEGLIGENCE -** **WRONGFUL DEATH** **(12 Okla. Stat. § 12-1053)**<br><br>**2. NEGLIGENCE-SURVIVOR CAUSES OF ACTION (76 Okla. Stat. § 761 et seq)**<br><br>**3. DEPRIVATION OF FEDERAL RIGHT-** **(42 U.S.C. § 1983)**<br><br>**4. NEGLIGENT INFLICTION-** **EMOTIONAL DISTRESS** **JURY TRIAL DEMAND** |

**COMPLAINT**

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION .................................................................................................1

II. JURISDICTION AND VENUE ..........................................................................1

III. PARTIES ..............................................................................................................2

    A. Plaintiffs and Decedent ................................................................................2

    B. Defendants Thomas Phillips and Sydney Phillips ........................................3

    C. Defendant Terry Park, Sheriff of Choctaw County .....................................4

    D. Agency and Concept of Action ....................................................................4

IV. FACTS OF THE UNDERLYING CRIMINAL CASE .......................................4

    A. The Death of B.J. Youngblood .....................................................................5

    B. Thomas Raymond Phillip's Prior Criminal History .....................................5

    C. "Convenience of the Jailers" was never Intended to Halt County's
       Responsibilities to House Dangerous Repeat Convicted
       Repeat Offenders ..........................................................................................6

        (i) County Should Hire a Nurse or Employee to Bathe Phillips ................6

        (ii) County Should Require Phillips to Bathe Himself ...............................6

        (iii) County Should Require Phillips to Wear an Ankle Bracelet ................7

    D. County Has A Duty To Seek Other Less Invasive (on Victims) Alternatives..7

V.   CAUSES OF ACTION .................................................................................8

   A. FIRST CAUSE OF ACTION-GENERAL NEGLIGENCE-WRONGFUL
      DEATH ...............................................................................................8

      1. Defendant PHILLIPS ......................................................................8

      2. Defendant SYDNEY PHILLIPS .....................................................8

      3. Defendant ESTATE OF THOMAS RAYMOND PHILLIPS III ............9

   B. SECOND CAUSE OF ACTION-NEGLIGENCE-SURVIVOR CAUSE OF
      ACTION ..............................................................................................9

      1. Defendant PHILLIPS ......................................................................9

      2. Defendant SYDNEY PHILLIPS .....................................................9

      3. Defendant ESTATE OF THOMAS RAYMOND PHILLIPS III ..........10

   C. THIRD CAUSE OF ACTION-DEPRIVATION OF FEDERAL CIVIL RIGHTS...10

      Defendant TERRY PARK .................................................................10

   D. FOURTH CAUSE OF ACTION-PUBLIC ENTITY NEGLIGENCE-
      NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND MENTAL
      ANGUISH ..........................................................................................12

      Defendant TERRY PARK .................................................................12

      Defendant PHILLIPS, SYDNEY and ESTATE .....................................13

VI.  PRAYER FOR RELIEF ..........................................................................14

VII. JURY TRIAL DEMANDED ....................................................................17

## I.  INTRODUCTION

1. That on 20 Dec 2020 B. J. Youngblood was murdered in Choctaw County Oklahoma which is within the jurisdictional boundaries of the Eastern District of Oklahoma.

2. That on 22 Dec 2020 the Defendant Thomas Raymond Phillips III was charged with murder in the first degree, felony discharging a weapon into a dwelling, five (5) counts of assault and battery with a dangerous weapon (gun) and DUI in Cause No. CF-20-103, styled State of Oklahoma, Plaintiff versus Thomas Phillips III, Defendant, Choctaw County District Court.

3. That, notwithstanding Defendant still faces a multitude of felony charges including murder in the first degree which carries the potential of a death sentence, on 19 Mar 2021 Defendant Phillips (underlying criminal case) was released by the Court on Own Recognizance Bond with only a signature guaranteeing Defendant or his wife will not kill Adeline Youngblood or her minor children. (See Exhibit "A"; Order Modifying Bond, filed March 19 2021).

4. There is no ankle monitor required pursuant to the Order Modifying Bond entered on 19 Mar 2021 by the Choctaw County District Court yet the Court acknowledges the availability of, access to, and use of the "Global Position Monitoring System"[1].

5. That Adeline Youngblood is a witness against Defendant in the underlying criminal case.

---

[1] Apparently, the Choctaw County would rather rely on the monitoring by a 9-1-1 call that Adeline and her children have been killed by the man she is testifying against who killed her husband without any provocation what-so-ever.

COMPLAINT   1

## II. JURISDICTION AND VENUE

6.      That all governmental entities have been served with the Notice of Oklahoma Governmental Tort Claim on or around 22 Mar 2021. Plaintiff has not received a response and has been required therefore to place notice in the mail by certified mail, return receipt requested to all governmental entities related and/or causing this claim.

7.      This Court has jurisdiction over all causes of action asserted against the Defendant or individual entities working for a governmental entity but operating outside the scope of their employment as a government official pursuant to 28 U.S.C. § 1346. Additionally this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated. Further, diversity jurisdiction pursuant to 28 U.S.C. § 1332 is established as Plaintiff is, at the time of filing this Complaint, a resident of another State other than Oklahoma and the amount in controversy exceeds the jurisdictional amount of $75,000.00.

8.      Venue is proper pursuant to 28 U.S.C. § 1402 because at all times relevant, all of the Plaintiffs[2] resided in this district and all of the wrongful acts and/or omissions complained of herein occurred in this judicial district.

## III. PARTIES

### A. Plaintiffs and Decedent

---

[2] However, Plaintiff, her minor female child and her mentally-impaired male adult are no longer residences and domiciled in the State of Oklahoma due to Plaintiff being afraid for her life and the life of her children given Sheriff Terry Park's release of Defendant from custody while facing a murder aforethought charge in Choctaw County for killing Plaintiff's husband, the father of her children.

COMPLAINT   2

9. B.J. Youngblood ("B.J."), deceased, was at all times relevant to this claim a resident of the City of Wright City and County of Choctaw, all within the jurisdictional boundaries of this district court. B.J. was the husband of Plaintiff Adeline Tidmore Youngblood and the father of their one (1) minor female child and one (1) mentally-impaired male adult. B.J. was a 38 year old conductor for the railroads who loves his wife and children.

10. Adeline Youngblood (formerly "Tidmore") was, at all times a loving wife to B.J. Youngblood and mother of his children and she is the surviving wife of B.J. Youngblood and therefore is the proper personal representative and heir pursuant to 58 O.S. § 5811. Although no longer, she was at all time relevant to this claim, a resident of Wright City Oklahoma.

11. Youngblood minor children are represented by their mother, Plaintiff Adeline Youngblood.

B. **Defendants.**

12. The Defendant THOMAS RAYMOND PHILLIPS III ("Phillips") is an individual who, at all times relevant, was residing in the County of Choctaw Oklahoma, and was arrested by the Choctaw County Sheriff Terry Park and criminally charged by the Choctaw County Assistant District Attorney Heidi Silcox with the murder of B.J. as well as six (6) other felonies.

13. The Defendant **SYDNEY PHILLIPS** ("Ms Phillips" or "Wife") is an individual and wife of the Defendant Phillips who, at all times relevant, was residing in the County of Choctaw Oklahoma, and was present and accompanying Defendant Phillips when Defendant Phillips murdered B.J. Youngblood.

14. The Defendant **ESTATE OF THOMAS RAYMOND PHILLIPS III** consists of the res of work efforts, including all business enterprises in presently in existence, previously in existence and receiving income, or any and all future business enterprises and family contributions, including all inheritances, gifts, winnings and/or windfalls of Phillips and Ms Phillips, combined or separate, whether Phillips and Ms Phillips, regardless of marital status to each other, and without subrogation rights whatsoever from claims of creditors.

15.   **TERRY PARK** is an individual who, at all time relevant, served as Sheriff of Choctaw County and was responsible for establishing, providing and/or enforcing policy, practices and/or procedure for operating the county jail, managing the supervised released of convicted and pre-trial detainees (Defendant Phillips status) into the community, and providing security and law enforcement, all for the purpose of promoting public safety and deterring crime.

C.   **Agency and Concept of Action**

16.   At all times mentioned herein, Defendants, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary

wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV. FACTS OF THE UNDERLYING CRIMINAL CASE

### A. The Death of B.J. Youngblood

17. On 20 December 2020, several persons were present at the "Tommy's Place" now re-named "B.J.'s", a local watering hole located in Hugo, Choctaw County Oklahoma.

18. Among those there, at all relevant times, at the Tommy Place when the murder of B.J. occurred were B.J. and ADELINE, PHILLIPS and WIFE, Jeri Ann Ellis (owner of Tommy Place aka "ButterCups"), Hunter Smith and his mother, Amy Moore and James Campbell, Brittany Nicole Decker, and Russell Bevills (aka "Rusty").

19. Without provocation, PHILLIPS fired through the front door of Tommy Place discharging nine (9) live rounds of ammunition from a 9 mm Glock handgun, bullets entering B.J.'s body in the presence of ADELINE, his wife.

20. That ADELINE, standing adjacent to her husband when the shooting occurred, touched her husband to see his injury; she touched brain matter of her husband's which stuck to her hands and her memory, which memory still haunts ADELINE and will for many years.

### B. Thomas Raymond Phillip's Prior Criminal Record.

21. PHILLIPS is charged in Choctaw County District Court with the following seven (7) felonies and one (1) misdemeanor:

    a.    Count 1: Murder in the first degree-deliberate intent;

  b.  County 2: Felony discharging firearm into an known occupied building;

  c.  Count 3: Assault and battery with a dangerous weapon;

  d.  Count 4: Assault and battery with a dangerous weapon;

  e.  Count 5: Assault and battery with a dangerous weapon;

  f.  Count 6:  Assault and battery with a dangerous weapon;

  g.  Count 7: Assault and battery with a dangerous weapon;

  h.  Count 8: DUI, misdemeanor

22. During the Own Recognizance Release hearing held on 15 Mar 2021 in Choctaw County District Court before Associate Judge Baze, testimony was had and counsel stipulated that PHILLIPS has prior felonies however how many and the nature of the felony convictions was a mystery which the Assistant District Attorney Heidi Silcox isn't sharing. Counsel has attempted to pay for a hearing transcript of the 15 Mar 2021 hearing but has been unable as of the date of filing to get the court reporter (Ms Baze) to transcribe counsel's requested transcripts for this instant Court.

C. **"Convenience of the Jailers" was never Intended to Halt County's Responsibilities to House Dangerous Repeat Convicted Offenders**

  (i) **County Should Hire A Nurse or Employee To Bathe PHILLIPS.**

23. Notwithstanding this less restrictive alterative to releasing a murderer would have been to explore the possibility of the county hiring a nurse to bathe PHILLIPS given the swore-to testimony from the witness stand under oath by Christie Terry-Ball was

COMPLAINT 6

'that bathing PHILLIPS was inconvenient for jail administrator Christie Terry-Ball'. That was counsel's conclusion after seating through the testimony of Ms Terry-Ball.

(ii)   **County Should Require PHILLIPS to Bathe Himself.**

24.   Although Ms Baze, Associate Judge Baze's court reporter, has not transcribed the hearing as of filing date, no expert medical testimony was given as to PHILLIPS alleged lack of physical abilities of late yet was physically sound enough on 20 December 2020 to fire eight (8) live rounds of ammunition from his gun into the front door of the Tommy Place killing B.J. Youngblood.

(iii)   **County Should Require PHILLIPS to Wear an Ankle Bracelet.**

25.   While there is the Global Monitoring System available to monitor felons, for some unknown reason, the prosecutors failed to request this notwithstanding that the victim Adeline Youngblood was seated at counsel table telling prosecutor Heidi Silcox to ask for monitoring. Monitoring was never requested by the Choctaw County prosecutors notwithstanding monitoring would have been less invasive on the Victims' rights to be safe in their home and environment without fear their father's and husband's killer will come looking for them since ADELINE is a key witness against PHILLIPS.

D.   **County Has a Duty To Seek Other Less Invasive (on Victims) Alternatives.**

26.   Transcripts are void of any consideration by the hearing judge of lesser invasive alternatives. Notwithstanding that hiring a nurse, or making PHILLIPS bathe himself, or placing a global monitoring device (ankle bracelet) on were never even considered by prosecution or the judge. Furthermore, the Court's Order Modifying Bond never even identifies what PHILLIPS "home" is or where it is…it could be anywhere. Any address.

COMPLAINT   7

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**NEGLIGENCE – WRONGFUL DEATH**
**(12 Okla. Stat. § 12-1053)**
(Against Phillips, Wife and Estate of Phillips by Plaintiffs, as personal representative, individually and as heirs to B.J.)

27. **PLAINTIFFS** hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

28. PLAINTIFFS allege, that at all times relevant herein, **PHILLIPS, WIFE** and **ESTATE**, and each of them, acted negligently, carelessly, recklessly, and/or unlawfully by including but not limited to **PHILLIPS, WIFE** and **ESTATE**, and each of them, voluntarily visiting an establishment which serves alcohol with the intention of consuming alcohol, while in the possession and control of a firearm, including appropriate ammunition, while **PHILLIPS** is a convicted felon with prior criminal record of alcohol abuse and violence.

29. That on 20 December 2020, without any prior provocation by B.J., convicted-felon **PHILLIPS** negligently, recklessly, carelessly, and/or unlawfully shot B.J. with a loaded handgun, which was illegal for **PHILLIPS** to own or carry while a felon in the State of Oklahoma, all occurring while B.J. was peacefully leaving "Buttercups", a local establishment in Choctaw County Oklahoma which is within the jurisdictional boundaries of the United States District Court for the Eastern District of Oklahoma.

30. It was reasonably foreseeable that a loaded firearm when shot into the Buttercups establishment which, at all relevant times, was occupied by several persons including B.J. and Adeline, would kill someone.

31. As a direct and legal result of the wrongful acts and/or omissions of **PHILLIPS, WIFE** and **ESTATE**, and each of them, PLAINTIFFS suffered the damages as herein below set forth.

32. WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## SECOND CAUSE OF ACTION
## NEGLIGENCE – SURVIVOR CAUSE OF ACTION
**(Against Phillips, Wife and Estate of Phillips by Plaintiffs, individually and as heirs of B.J.)**

33. **PLAINTIFFS** hereby re-allege and incorporate by reference each and every allegation above as if fully set forth in detail herein.

34. On 20 December 2020, and prior to his death, the foregoing cause of action arose in B.J.'s favor. Since B.J.'s death, **ADELINE** has served as the personal representative for the Estate of B.J. Youngblood ("YOUNGBLOOD ESTATE") and is the authorized as the successor in interest with respect to their interest in the property that was damaged, lost or destroyed in this tragic incident, to pursue any and all legal claims for damages related thereto, and to recover damages for expenses incurred related to medical and/or emergency services and burial services related to this incident. In addition, **ADELINE** is the wife of B.J., deceased and loved him very very much and she sues as his survivor. Further, **ADELINE** is also the personal representative of the parties only minor child and one (1) adult who is mentally-impaired and whom relied on his father as his payee.

35. At all times prior to this incident, **PHILLIPS** and **WIFE**, and each of them, negligently, carelessly, recklessly, and/or unlawfully acted and/or failed to act, including but not limited to failing to perform mandatory duties so as to cause the death of B.J.

36. As a direct and legal result of the wrongful acts and/or omissions of **PHILLIPS**, **WIFE** and **ESTATE** and each of them, on 20 December 2020, and immediately prior to and/or following B.J.'s death, expenses were incurred for emergency and medical services and/or death and burial services.

37. As a further direct and legal result of the wrongful acts and/or omissions of **PHILLIPS**, **WIFE**, and **ESTATE** and each of them, B.J. also endured great pain and suffering from the nine (9) bullet wounds before dying.   ADELINE was present.  ADELINE saw the events unfold which still play repeatedly, day after day, in her mind tormenting her.  When ADELINE saw her husband, B.J. get shot, she naturally approached him to care for him. Not realizing he was dead, ADELINE touched her husband.  It is then that she realized by the wound that her B.J. was gone, which caused brain matter of her husband's brain matter to be on ADELINE.

38. WHEREFORE, Plaintiffs pray for the relief set forth below.

### THIRD CAUSE OF ACTION
### DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (42 U.S.C. § 1983)
**(Against TERRY PARK, in his official capacity only by Plaintiffs, individually and as heirs of B.J. seeking prospective injunctive relief only)**

39. PLAINTIFFS hereby re-allege and incorporate by reference each and every allegation above as if fully set forth in detail herein.

40. PLAINTIFFS allege, that at all time herein mentioned, B.J. possessed a constitutional right to not be deprived of life or liberty without due process.

41. Through the three (3) bond hearings held in Case No CF 20-103 in Choctaw County District Court, **PARK** made it abundantly clear that it was an inconvenience for his

COMPLAINT   10

deputies or himself to watch, bath, care, and/or secure PHILLIP in the Choctaw County jail notwithstanding the fact that PHILLIP faces several major felony counts including Malice Aforethought Murder (21 O.S. § 701).

42. **PARK** was acting under color of state law when **PARK** issued his unauthorized and illegal mandate that he would not care for nor detain until trial those entrusted to him as the sheriff of Choctaw County, and that failure of PARK and/or any officer, official, agent, and/or employee of the Choctaw County Sheriff's Department to duty and responsible for establishing, providing and/or enforcing policy, practices and/or procedures for operating the county jails, managing the supervised release of pre-trial detainees into the community, and providing security and law enforcement, all for the purpose of promoting public safety and deterring crime.

43. PLAINTIFF, individually and as heir of B.J.'s Estate has been deprived of her quality of life and her liberty as PLAINTIFF has had to flee the State of Oklahoma for fear of her life as she is a witnessed the killing of her husband B.J. by PHILLIPS yet PARK released PHILLIPS because 'it wasn't convenient to bathe Phillips...' (Case No. CF 20-103, McCurtain Co. District Court, J. Baze, dated 15 Mar 2021, testimony under oath).

44.  a) By failing to secure other detention facilities within the Seventeenth Judicial District of the State of Oklahoma;

   b) by failing to train his personnel to bathe male inmates;

   c) by his failure to hire personnel to bath DEFENDANT PHILLIPS;

   d) by his failure to have a nurse on staff to bathe DEFENDANT PHILLIPS;

e) by his failure to require DEFENDANT PHILLIPS post a surety or property bond before release;

f) by his failure to require an ankle monitor for PHILLIPS before his release, all acts amounting to deliberate indifference to federal, state and/or local law which safeguarded ADELINE's constitutional rights and is the moving force behind the constitutional violations of her rights by depriving ADELINE of her right to public safety, peace of mind and tranquility of body and emotions.

45. As a direct and legal result of the wrongful acts and/or omissions of PARK and each of them, PLAINTIFF suffered damages as herein set forth and therefore seek prospective injunctive relief in the form of a MANDATE against PARK.

46. WHEREFORE Plaintiffs pray for relief as set forth below.

**FOURTH CAUSE OF ACTION – PUBLIC ENTITY NEGLIGENCE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH
(76 O.S. § 761 et seq)
(Against TERRY PARK, in his official capacity only by Plaintiffs, individually and as heirs of B.J. seeking prospective injunctive relief only)
(Against PHILLIPS, WIFE AND ESTATE for money damages by Plaintiffs)**

47. PLAINTIFFS hereby re-allege and incorporate by reference each and every allegation above as if fully set forth in detail herein.

48. **PARK** made it abundantly clear that it was an inconvenience for his deputies or himself to watch, bath, care, and/or secure PHILLIP in the Choctaw County jail notwithstanding the fact that PHILLIP faces several major felony counts including Malice Aforethought Murder (21 O.S. § 701).

**COMPLAINT   12**

49. **PARK**, as the Choctaw County Sheriff, had a duty not to negligently inflict emotional distress and/or mental anguish on Plaintiffs by PARK's deliberate indifference to his responsible for establishing, providing and/or enforcing policy, practices and/or procedures for operating the county jail;

50. PLAINTIFF, individually and as heir of B.J.'s Estate has been deprived of her quality of life and her liberty as PLAINTIFF has had to flee the State of Oklahoma for fear of her life as she is a witnessed the killing of her husband B.J. by PHILLIPS yet PARK released PHILLIPS because 'it wasn't convenient to bathe Phillips...' (Case No. CF 20-103, McCurtain Co. District Court, J. Baze, dated 15 Mar 2021, testimony under oath).

51.     PARK breached his duty not to cause mental anguish and emotion distress on Plaintiffs when PARK determined it was "too inconvenient" to bathe PHILLIPS and thereby testified to a judge and supported the release of PHILLIPS without any surety, ankle bracelet. In fact the Order Modifying Bond does not even identify the residence where PHILLIPS is confined.

52. As a direct and legal result of the wrongful acts and/or omissions of PARK and each of them, PLAINTIFFS suffered damages as herein set forth and therefore seek prospective injunctive relief in the form of a MANDATE against PARK.

53. As a direct and legal result of the wrongful acts and/or omissions of PHILLIPS, WIFE AND ESTATE OF PHILLIPS, PLAINTIFFS suffered damages as herein set forth and therefore seek recovery of damages in the form of a money judgment against PHILLIPS, WIFE AND ESTATE OF PHILLIPS.

54. WHEREFORE Plaintiffs pray for relief as set forth below.

## VI.  PRAYER FOR RELIEF

55. WHEREFORE, Plaintiffs pray judgment against Defendants in the amount of $25,000,000.00 which is in excess of the jurisdictional amount, as hereinafter set forth:

A. **Against DEFENDANTS PHILLIPS, MS PHILLIPS and ESTATE OF PHILLIPS**

56. For compensatory and general damages as the following: a) personal representative of B.J.; b) individually; and, c) heir to the Estate of B.J., in an amount according to the proof;

57. For tremendous emotional distress in an amount according to the proof;

58. For tremendous mental distress in an amount according to the proof;

59. For tremendous physical stress, illness and ailment connected to the mental and emotional distress in an amount according to the proof in the amount of ten ($10,000,000.00) million dollars;

60. For past and future medical, incidental, and service expense, including burial expenses of B.J., according to proof in the amount of $4,498,00;

61. For pre- and post-judgment interest on all damages at the highest interest rate allowed by law;

62. For a Permanent Restraining Order and Protective Order issued against DEFENDANT PHILLIP, WIFE, and others including but not limited to MONTANA ALEKEIS coming near, contacting, harassing Plaintiffs , expressly including the Youngblood female minor and Youngblood adult mentally-impaired male, **in any way, shape or form**;

63. For costs of suit and expert fees incurred herein;

COMPLAINT   14

64. For attorney fees under existing law and as required as a Private Attorney General statutes of the United States (42 U.S.C. § 1988);

65. In toto, Plaintiffs pray for judgment of thirty-five million, four-thousand, nine hundred and ninety-eight ($35,004,998.00) dollars as judgment against the Defendants TERRY RAYMOND PHILLIPS III, SYDNEY PHILLIPS, and the ESTATE OF T.R. PHILLIPS III, and for such other and further relief as this Court may deem just and proper.

66. **Against DEFENDANT TERRY PARK** prospective injunctive relief only. That for future state court hearings in Case No. CF 20-103, that the federal court MANDATE that the Phillips be monitored by an ankle bracelet and MANDATE that before releasing a felon now charged with Murder Aforethought into the public without surety, DEFENDANT PARK verify with other jails within the 17th judicial district of the State of Oklahoma as to whether they have an employee, nurse, sheriff or deputy who will not inconvenience by bathing pre-trial detainee Phillips while awaiting trial for murder and other attempted murder charges.

24-3-21
24 Mar 2021

*Adeline Youngblood*
ADELINE (TIDMORE) YOUNGBLOOD, PERSONAL REPRESENTATIVE
as personal representative of B.J. Youngblood, deceased
710 LaModa St
Grand Prairie TX 75050

COMPLAINT   15

24-3-21
24 Mar 2021

_____
ADELINE (TIDMORE) YOUNGBLOOD, INDIVIDUALLY
Spouse of B.J. Youngblood, deceased
710 LaModa St
Grand Prairie TX 75050


Dated: 24 Mar 2021

_____
WAYNE M FOURNERAT (W.D.OK 8673)
Attorney at Law
FOURNERAT ESQUIRES
wayne@fournerat.law
539 W Commerce St  Ste 3120
Dallas TX 75208
Telephone:    (214) 809-1688
Facsimile:    (972)790-6469

*Attorney for Plaintiff Adeline Youngblood and heirs*

## VII. JURY TRIAL DEMANDED

67. Plaintiff demand trial by jury on all issues so triable.

24 Mar 2021

FOURNERAT ESQUIRES

By: _____
FOURNERAT ESQUIRES
WAYNE M FOURNERAT (W.D.OK 8673)
wayne@fournerat.law
539 W Commerce St  Ste 3120
Dallas TX 75208
Telephone:    (214) 809-1688
Facsimile:    (972)790-6469

*Attorney for Plaintiff Adeline Youngblood and heirs*

COMPLAINT    17